April 28, 2020

<u>Via ECF</u>
Hon. Sidney H. Stein                           **MEMO ENDORSED**
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:   *United States v. Alvin Perez,* **18 Cr. 545**

Dear Judge Stein:

     I write, with the consent of the Government, to propose a bail package for Mr. Perez during the COVID-19 crisis. Mr. Perez has been in a dorm at Queens Geo, has not been tested despite his requests and is receiving very limited medical care. He has a history of asthma, among other medical issues, and is housed in a dorm-like setting that can lead to easy contagion. Perez is also on a list of high-risk inmates at GEO, meaning that he is either more likely to contract the virus, or to have severe symptoms if he contracts the virus.

     As you may have heard, GEO has at least three staff members who have tested positive, three units under lockdown quarantine and is operating under the assumption that everyone there is now infected. Geo has been unable to fully isolate all inmates who have tested positive.

     As per our understanding with the government, and of course pending the Court's approval, they will agree to the following bail conditions:

1. $100,000 personal recognizance bond signed by Perez, who may affix his signature remotely within three hours of his release, co-signed by three financially responsible persons, who may also sign remotely;

2. 24-hour home incarceration at the home of Juan Ortiz, one of the sureties, in Pawtucket, Rhode Island, subject to approval by Pretrial Services, and enforced by location monitoring technology to be determined by Pretrial Services. Perez may only leave his residence for necessary medical services. All other leave from the residence must be submitted through defense counsel for the Court's approval;

3.  No visitors to the residence except family members of Juan Ortiz;

4.  Unless otherwise approved by the court, the location monitoring equipment shall be installed no later than 14 days after release during which time Perez shall self-quarantine in Mr. Ortiz's residence;

5.  Ten days after his release, Perez must call Pretrial Services to arrange for installation of location monitoring equipment;

6.  If approved by Pretrial Services, Perez is permitted to self-install the location monitoring equipment selected by Pretrial Services under the direction and instruction of Pretrial Services;

7.  Perez must purchase or obtain an iPhone with FaceTime capabilities within 2 weeks of his release for remote/virtual monitoring by Pretrial Services;

8.  Perez shall comply with all other standard conditions of supervised release (e.g., shall not commit other crimes, possess a firearm, etc.);

9.  Perez shall surrender any personal travel documents not already in the possession of Pretrial Services and make no new applications for travel documents;

10. Pretrial Services supervision as directed in the Southern District of New York, with travel restricted to the SDNY, District of Rhode Island, and any districts in between for purposes of traveling to the home incarceration location;

11. Perez must immediately disclose to Pretrial Services when any cohabitant of his residence, including himself becomes symptomatic of any illness, and must report at the direction of Pretrial Services;

12. Perez shall surrender to the U.S. Marshals at 500 Pearl Street by 2:00 p.m. on July 27, 2020, unless the Court finds prior to that date – pursuant to a letter motion filed by the Defendant – that "compelling" reasons still exist to extend Perez's release.

We will await further guidance from the Court. Thank you for your consideration.

Application granted.
Dated: April 28, 2020

SO ORDERED

SIDNEY H. STEIN
U.S.D.J.

Respectfully submitted,

Peter E. Brill